**AUTOMATE ASSOCIATES, INC., Plaintiff,**

v.

**BILL'S TRUCKING SERVICE, INC., Defendant.**

**Civ. No. 4–91–910.**

United States District Court, D. Minnesota, Fourth Division.

April 28, 1992.

Laurie A. Willard, Cosgrove, Flynn, Gaskins & O'Connor, Minneapolis, Minn., for plaintiff.

Mark A. Gwin, Cousineau, McGuire & Anderson, Minneapolis, Minn., for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion for summary judgment. Based on the file, record and proceedings herein, defendant's motion is granted.

### BACKGROUND

Plaintiff Automate Associates, Inc. ("Automate") hired defendant Bill's Trucking Service, Inc. ("Bill's Trucking") in October 1990, to transport equipment from Minneapolis, Minnesota to Tempe, Arizona. Upon delivery on October 16, 1990, Automate discovered that two pieces of the equipment were damaged. Automate alleges that Bill's Trucking damaged the equipment during transit.

On November 15, 1990, Automate's controller submitted a written claim for damages to Bill's Trucking. The claim stated, in part:

> As we have discussed, two pieces of equipment were damaged out of a shipment from Automate Associates, Inc. in Minneapolis, Mn. to Catalin Manufacturing Company in Tempe, Arizona. Bill's Trucking was hired to transport this equipment. We believe the damage occurred while the equipment was in the possession of Bill's Trucking.
>
> We do not have an estimate of the damages at this point. We have been advised by our insurance agent that Bill's

Trucking should submit a claim to your insurance carrier immediately so that the process can begin right away.

Automate provided Bill's Trucking with the precise amount of damages on October 2, 1991. Bill's Trucking did not pay the alleged damages and on November 22, 1991, pursuant to 49 U.S.C. § 11707,[1] Automate filed suit to recover the costs it incurred in repairing the equipment.

Bill's Trucking contends that Automate is not entitled to compensation for the costs it incurred in repairing the damaged goods because Automate did not comply with the regulations governing damage claims. The relevant regulation found at 49 C.F.R. § 1005.2(b) provides, in part, that a written claim for damages must:

> (1) [contain] ... facts sufficient to identify the baggage or shipment (or shipments) of property, (2) [assert] ... liability for alleged loss, damage, injury, or delay, and (3) [make a] ... claim for the payment of a specified or determinable amount of money ...

Bill's Trucking contends that the language regarding damages contained in the letter of November 15, 1990, Automate's only claim filed within nine months after it discovered the damaged goods, did not constitute a valid claim because it did not state a specified or determinable amount of damages. One of the provisions of the bill of lading issued by Bill's Trucking required Automate to submit any damage claim in writing, and to file it with Bill's Trucking within nine months of the date of delivery of the damaged goods.[2] It is undisputed that Automate did not provide a specified amount of damages to Bill Trucking until

October 2, 1991, more than nine months after delivery of the equipment. Bill's Trucking thus contends that Automate failed to satisfy a prerequisite to recovering damages under 49 U.S.C. § 11707, that Automate's claim is therefore untimely and the court should grant its motion for summary judgment on Automate's claim.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its

---

1. Title 49 U.S.C. § 11707 authorizes a consignor or shipper to make a claim against a carrier for damages to goods occurring during interstate transit.

2. Title 49 U.S.C. § 11707(e) provides, in part, that:

   > A carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section.

   Carriers implemented that statutory directive by including in the Uniform Bill of Lading the following provision approved by the Interstate Commerce Commission:

   > 2(b) As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier ... within nine months after delivery or the property. ... Where claims are not filed or suits are not instituted thereon in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid.

   *See Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 901 n. 1 (2d Cir.1980), *cert. denied,* 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981).

resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider Bill's Trucking's motion for summary judgment.

Automate contends that the regulations governing damage claims apply only to voluntary dispositions of claims by carriers. In support of that contention, Automate cites *Wisconsin Packing Co. v. Indiana Refrigerator Lines*, 618 F.2d 441 (7th Cir. 1980) (en banc), *cert. denied*, 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980). In that case, the Seventh Circuit concluded that the regulations governing damage claims only apply to a carrier's voluntary disposition of a claim so as to insure that the claim settlement process is expeditious and less subject to discriminatory manipulation. *Id.* at 445. Where parties seek a judicial determination of the validity of a claim, the Seventh Circuit concluded that the court must assess the sufficiency of the claim. *Id.*

In the alternative, Automate contends that even if the court declines to follow the Seventh Circuit's conclusion that the regulations do not apply to Automate's contested claim, its failure to include a precise damage claim in the November 15, 1990, letter is not fatal to it claim. Automate contends that its substantial compliance with the claim requirements set forth in 49

C.F.R. § 1005.2(b) is sufficient to state a valid claim for damages arising out of its shipping contract with Bill's Trucking.

■ The court disagrees with both of Automate's contentions. The court declines to follow the Seventh Circuit's reasoning in *Wisconsin Packing*. Instead, the court adopts the Second Circuit's reasoning in *Pathway Bellows, Inc. v. Blanchette*, 630 F.2d 900 (2nd Cir.1980), *cert. denied*, 450 U.S. 915, 101 S.Ct. 1357, 67 L.Ed.2d 340 (1981). The Second Circuit criticized the Seventh Circuit's decision, noting that the regulations in question contain no explicit statement that they are only applicable to claims that are voluntarily settled. The Second Circuit noted that the regulations state that they "govern the processing of claims for loss, damage, injury or delay to property transported or accepted for transportation, in interstate or foreign commerce ..." *Id.* at 904 n. 7. The Second Circuit thus concluded that the Interstate Commerce Commission intended the regulations to govern all damage claims. *Id.; see also Nedlloyd Lines, B.V. Corp. v. Harris Transp. Co.*, 922 F.2d 905, 907 (1st Cir.1991) (following the reasoning in *Pathway Bellows* and rejecting the reasoning in *Wisconsin Packing*); *Calpro Co. Consolidated Eng'g Co. of Georgia*, 502 F.Supp. 707, 712–14 (N.D.Ga.1980) (same).

The court determines that the regulations in question govern contested as well as voluntarily paid claims. Based on *Pathway Bellows* and the plain language of the regulations, the court also concludes that the regulations require strict compliance with the filing formalities. It is undisputed that the one letter Automate sent Bill's Trucking within the nine month period for filing claims, dated November 15, 1990, did not specify the amount of damages. The court thus concludes that Automate's claim did not comply with the regulation's filing requirements and that the claim is time-barred.[3]

---

3. In *Pathway Bellows*, the Second Circuit suggested two situations in which Automate's failure to file a timely claim satisfying all of the filing requirements may be excused. *Pathway*

*Bellows*, 630 F.2d at 905, n. 10. First, Automate's failure to file a timely claim may be excused if Bill's Trucking misled it into believing that the filing of a timely written claim was

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

unnecessary. Under that situation, Bill's Trucking may be estopped from raising inadequacy of the claim as a defense. *Id.* Automate did not raise such an allegation. Second, Automate's failure to file a timely claim may be excused if it was unable, despite the exercise of reasonable diligence, to ascertain the extent of its loss within in the claim filing period. *Id.* Automate did not raise such an allegation. In fact, in its answers to Bill's Trucking's interrogatories, Automate stated that it determined an estimate of its damages by February 20, 1991. *See* Plaintiff's Answers to Defendant's Interrogatories, No. 10, *Automate Assoc., Inc. v. Bill's Trucking Serv., Inc.,* Civ. No. 4–91–910 (D.Minn. January 23, 1992). That date fell within the nine-month period in which Automate could file a claim containing a specified or determinable amount of damages.